Steven Carl ADAMS, Petitioner,

v.

Ralph L. AARON, Warden, U. S. Penitentiary, Marion, Illinois, Respondent.

Civ. No. 753109.

United States District Court,
E. D. Illinois.

Oct. 8, 1976.

Steven Carl Adams, pro se.

Henry A. Schwarz, U. S. Atty., East St. Louis, Ill., for respondent.

## ORDER

FOREMAN, District Judge:

Before the Court is defendant's Motion to Dismiss.

Petitioner is presently an inmate in the United States Penitentiary at Marion, Illinois. Upon his incarceration, prison officials denied him visitation privileges with one Mable Neate. Since that time, however, Mable Neate's name has been returned to petitioner's visitation list subject to a restriction limiting her visits to three days every three months. In filing a Petition for Writ of Habeas Corpus, petitioner alleges that the actions of prison officials imposing such restrictions upon his visitation privileges without advance notice, a hearing, or written justification, constitute a denial of his right to due process of law.

Should petitioner be correct in claiming that due process applies to his case, he would then be entitled to the protection afforded by certain minimal procedural safeguards. *Morrisey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1971). Due process of law, however, applies only when governmental action has caused an individual to suffer a grievous loss of liberty. *Morrisey v. Brewer, supra,* at 481, 92 S.Ct. 2593. Not every impairment of liberty is "sufficiently 'grievous' to amount to constitutional deprivation"; for the consequences of conviction necessarily involve minor impairments of liberty "which are inevitably associated with membership in a closely supervised prison community". *Miller v. Twomey,* 479 F.2d 701, at 717 (7th Cir. 1973). Furtherance of governmental or penological interests often require that reasonable time, place, and manner restrictions be imposed upon the communicative activities of prison inmates. *Pell v. Procunier,* 417 U.S. 817, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974).

In petitioner's case, visitation privileges are only restricted with respect to one person on petitioner's visiting list. Moreover, this restriction does not go so far as to prevent visitation entirely; but rather petitioner's visits with Mable Neate are merely subject to certain time limitations.

It is the opinion of this Court that the time limitation imposed in petitioner's case is not a restriction which subjects petitioner to a deprivation of liberty which arises to constitutional proportions. As a result petitioner has not suffered a grievous loss of liberty which would entitle him to the minimal procedural safeguards of due process prior to the imposition of such restrictions. In the absence of such a constitutional claim, decisions concerning petitioner's visitation privileges remain an internal matter within the discretionary powers of prison officials. *Miller v. Twomey, supra,* at 713. The prison officials at the Federal Penitentiary in Marion, Illinois have so chosen to exercise these powers in apparent concern for the safety and security of the prison community.

For these reasons petitioner's Petition for Writ of Habeas Corpus is hereby DENIED and the case is accordingly DISMISSED.

IT IS SO ORDERED.